BENJAMIN C. KEMP, PLAINTIFF IN ERROR, v. HENRY KLAUS, DEFENDANT IN ERROR.

1. **Promissory Note:** ATTORNEY FEE CLAUSE. A note in form negotiable is not rendered non-negotiable by reason of containing a stipulation providing for the payment of an attorney's fee in case of judgment thereon.

2. ———: ———. The following words in such note to-wit: "and also authorize any attorney of record to go into court and confess judgment," was properly rejected as surplusage.

ERROR from Lancaster county district court. Tried below before POUND, J.

*L. C. Burr*, for plaintiff in error, cited same cases as those by plaintiff in *Heard v. Dubuque Bank*, ante p. 10, and also 1 Parsons Notes and Bills, 303. *Fralick v. Norton*, 2 Mich., 130. *Ayrey v. Fearnside*, 4 M. & W., 169. *Coolidge v. Ruggels*, 15 Mass., 387.

Our statute says all promissory notes drawn for any sum or sums of money certain, shall be negotiable. We hold that the words " and an attorney's fee to be fixed by the court," is not for a sum, or sums certain. Gen. Stat., 426.

The warrant or power of attorney to confess judgment in this instrument destroys its negotiability. First American Leading Cases, 363. *Overton v. Tyler*, 3 Penn. State, 346. *Sweeny v. Thickstun*, 77 Id., 131.

*Kennard & Scott*, for defendant in error.

A note containing the following clause : "And we further agree if the above note is not paid at maturity, if suit is brought, to pay $10.00 in addition as an attorney's fee," was held negotiable, and its amount absolutely certain. *Houghton v. Francis*, 29 Ill., 244. *Nickerson v. Sheldon*, 33 Ill., 372. *Dietrich v. L. Bayhi*, 23 La., 767, and *Seaton v. Scoville*, 18 Kan., 433. With respect to the power to confess judgment and the waiver of appraisement laws, or homestead exemptions, etc., as well as the stipulation to pay collection or attorney's fees, the general rule, that the note must purport to be *only for the payment of money*, is subject to the qualification, that if the superadded agreement do not impair the certainty of the promise to pay the certain amount named, but only facilitates the means of collection, it does not in any degree destroy the negotia-

bility of the instrument.   1 Daniels on Negotiable Instruments, Sec. 59.   2 Par. N. and B., 147.   *Zimmerman v. Anderson*, 67 Penn. St., 421.   *Osborne v. Hawley*, 19 Ohio, 130.   *Marsden v. Soper*, 11 O. S., 503.   *Cushman v. Welsh*, 19 O. S., 536.

COBB, J.

This action was originally brought in the county court of Lancaster county on an instrument of which the following is a copy:

"Bennett, Lancaster county, Nebraska,<br>"June 21st, 1877.

"$150.00.

"On or before six months after date, we promise to pay to the order of James Kearns or bearer One Hundred and fifty dollars at the First National Bank, Lincoln, Neb., value received with interest at the rate of ten per cent per year from date and an attorney's fee to be fixed by the court if judgment is recovered on this note.

"This note is given with the express understanding and agreement that all benefits to be derived under and by virtue of any homestead exemption and stay of execution laws now in force or hereafter to be passed, are hereby expressly waived, that being the condition on which the debt hereby secured is contracted and also authorize any attorney of record to go into court and confess judgment.

"(Signed)                    B. C. Kemp.<br>"(Witness)                    "B. M. Kemp.<br>"C. B. Todd."

No payment on the back thereof, and the following is all the endorsements:   "James Kearns."

Henry Klaus filed the ordinary petition on a negotiable promissory note.   B. M. Kemp answered that she

was the wife of B. C. Kemp, etc. The county court discharged her from any liability on said instrument. Benjamin C. Kemp set up fraud, and a set-off thereto, and the county court gave judgment in favor of Henry Klaus in the sum of $100.00 and interest $6.53—$106.53, at the same time finding the facts in the case, from which judgment the said Klaus took the case by petition in error to the district court of Lancaster county, Benjamin C. Kemp filing his cross petition in error, and the court there found the law directly opposite the conclusions of law by county court, and gave judgment on March 13, 1878, for $160.62, $16.00 attorney's fees and $26.86 costs, from which judgment of the district court Benjamin C. Kemp brings the case here.

Two points are made by plaintiff's counsel against the negotiability of the note.

1. That the same was not negotiable for the reason that it contained a clause providing for the payment of an attorney's fee in case of a judgment being recovered on the note. And

2. That the said note is rendered non-negotiable by the clause therein which is in these words: " and also authorize any attorney of record to go into court and confess judgment."

This court has at the present term, in the case of *Heard et al. v. Dubuque County Bank*, held that the negotiability of a note was not destroyed by reason of its containing a clause providing for the payment of an attorney's fee in case of suit being brought thereon.

As to the second point, without examining the question as to whether a cognovit in due form contained in the body of a note otherwise negotiable would have the effect to destroy its negotiability, we are of the opinion that the words quoted in the note in the case at bar confer no authority to the holder to enter up judgment thereon without suit and notice, and they therefore

might properly have been, and probably .were, considered by the district court as mere surplusage.

It follows therefore that the judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.